**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
JOHN G. KISSANE,       _____ Civ. _____
           Plaintiff,  :
                       **COMPLAINT**
       v.              :
                       JURY TRIAL DEMANDED
                       :
BANK OF AMERICA, N.A. and
GLOBAL LENDING SERVICES LLC a/k/a
GLS,                   :
           Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, JOHN G. KISSANE ("**Plaintiff**"), appearing pro se, for his Complaint against defendants BANK OF AMERICA, N.A. (the "**Bank**") and GLOBAL LENDING SERVICES LLC a/k/a GLS ("**GLS**")  (collectively, the "**Defendants**") alleges, on knowledge as to his own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action arising from two ACH withdrawals totalling $9,479 from Plaintiff's individual consumer deposit bank account held by the Bank and made to GLS without authorization from, or any benefit to Plaintiff.

2. Plaintiff seeks reimbursement of the $9,470 plus statutory damages of $1,000, punitive damages, reasonable attorneys' fees and costs.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Electronic Fund Transfer Act ("**EFTA**") and its implementing regulations. More particularly, this complaint alleges that the Bank violated the EFTA which

US/80992372v1

provides for federal question jurisdiction regardless of the amount in controversy. 15 U.S.C.A. § 1693m. This Court has jurisdiction over the claims against GLS under 28 U.S.C.A. § 1367(a).

# VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants are subject to personal jurisdiction in the Southern District of New York for the claims asserted in this action, Plaintiff resides and works in the Southern District of New York, the depository account is held by the Bank in New York, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

# PARTIES

5. Plaintiff is an individual who resides and works in the County of New York, State of New York and the owner of a deposit account held at and by the Bank in New York, New York.

6. Upon information and belief, defendant Bank of America, N.A. is a corporation that is organized under the law of Delaware and has its principal place of business in Wilmington, Delaware.

7. The defendant Bank permitted unauthorized ACH transfers from Plaintiff's depository account.

8. Upon information and belief, GLS is a limited liability company formed under the laws of South Carolina and with its principal place of business in Greenville, South Carolina.

9. Defendant GLS is a privately held automotive subprime lending company and the recipient of the unauthorized $9,470 ACH transfers.

## FACTS

10. On or about November 16, 2025, Plaintiff discovered numerous unauthorized ACH deductions from his individual account.

11. Plaintiff immediately called the Bank and reported these transactions.

12. Plaintiff subsequently filed a report with the Bank listing all unauthorized ACH transfers totalling approximately $20,000.

13. The two unauthorized transfer to GLS both occurred on or about September 22, 2025, and were in the amounts of $5,000.00 and $4,479.04 (the "**GLS Transfers**").

14. The Bank credited Plaintiff's account for all unauthorized transactions but subsequently on or about February 2, 2026, reversed the credits for the GLS Transfers.

15. Upon information and belief, the reversal of this credit was due to the fact that GLS identified the account credited as belonging to John Kissane, the name of the Plaintiff herein.

16. At no time had Plaintiff ever done business with GLS, had no account with GLS and did not owe any money to GLS.

17. The Bank, in violation of its own rules, procedures and established banking practices permitted the unauthorized ACH transfers to GLS, failed to adequately investigate the GLS Transfers and failed to reimburse Plaintiff for the amounts transferred to GLS.

18. The Bank's investigation of this matter was wholly inadequate in that, *inter alia*, the Bank failed to collect any information from GLS such as account opening documents or other information that might show that GLS Transfers were unauthorized.

19. GLS, in violation of established lending, banking, business and know your customer practices and rules, negligently permitted or itself opened a debt account in the name of Plaintiff without the authorization of Plaintiff or any contact with Plaintiff.

## COUNT I

## As against DEFENDANT BANK OF AMERICA N.A. for violation of the Electronic Fund Transfer Act ("EFTA")

20. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

21. Plaintiff maintained an individual consumer deposit account with the Bank.

22. The Bank is a financial institution subject to the EFTA.

23. The Bank permitted the GLS Transfers via ACH.

24. Plaintiff did not authorize the GLS Transfers.

25. Plaintiff had never had any dealings with GLS and received no benefit from the GLS Transfers.

26. The Plaintiff timely provided notice to Bank of the unauthorized transfers.

27. The Bank initially credited Plaintiffs account for the unauthorized GLS Transfers but subsequently reversed the credit in violation of the EFTA and the Bank's own operating procedures without an adequate investigation of the Plaintiff's claim.

28. The Bank negligently or wilfully failed to make a good faith investigation of the claim.

29. The Bank in bad faith and in violation of EFTA and the Bank's procedures failed to provide any written explanation of why it denied Plaintiff's claim.

30. Additionally, the Bank failed to provide clear terms and conditions of its error resolution procedure at the time of the account opening or at any subsequent time.

31. By reason of the foregoing, the defendant Bank is liable to Plaintiff for treble damages in the amount of three times of the unauthorized withdrawal of $9,470.04 or $28,410.12, plus $1,000 in statutory damages, interest, attorneys' fees and costs. 15 U.S.C. § 1693f(e)(1).

## COUNT II

### As against the DEFENDANT BANK OF AMERICA N.A. for Breach of Contract

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

33. The Bank entered into a deposit agreement with Plaintiff when Plaintiff's deposit account was opened.

34. This contract imposes duties on the Bank to safeguard deposited funds and only honor authorized transactions.

35. The Bank breached this contract by allowing unauthorized ACH withdrawals to be processed from Plaintiff's account and by failing to credit Plaintiff's account when the unauthorized nature of the transactions became apparent.

36. The Bank had no authorization from Plaintiff to send funds to GLS, and the withdrawals violated the contractual terms governing Plaintiff's account.

37. By reason of the foregoing, the defendant Bank is liable to Plaintiff in the amount of $9,470.04 and such other damages as might be proven at trial, interest and the costs of this action.

## COUNT III

### As against the DEFENDANT BANK OF AMERICA N.A. for Negligence

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. Plaintiff maintained an individual consumer deposit account with the Bank at all relevant times.

40. The Bank owed a duty of reasonable care to their depositor, Plaintiff herein, to protect his account funds from unauthorized access.

41. This duty includes implementing reasonable security measures to detect and prevent fraudulent transactions.

42. The Bank breached this duty by failing to identify and stop unauthorized ACH withdrawals to an entity with which Plaintiff had no established relationship.

43. The Bank should have flagged the unusual transaction and adequately investigated the potentially fraudulent activity.

44. The Bank's failure to do so, combined with its refusal to credit Plaintiff's account when the unauthorized nature of the transactions was apparent, constitutes negligence causing Plaintiff's financial harm.

45. By reason of the foregoing, the defendant Bank is liable to Plaintiff in the amount of $9,470.04 and such other damages as might be proven at trial, interest and the costs of this action.

## COUNT IV

### As against DEFENDANT GLOBAL LENDING LLC d/b/a GLS for Conversion

46. Plaintiff repeats and realleges the allegation in the foregoing paragraphs as if fully set forth fully herein.

47. GLS converted Plaintiff's funds by receiving and retaining money transferred through unauthorized ACH withdrawals from Plaintiff's account.

48. GLS exercised unauthorized control over Plaintiff's funds when it (1) opened a debt account in Plaintiff's name without authorization; (2) initiated or facilitated ACH withdrawals from Plaintiff's account; and (3) retained the funds received despite having no legitimate right to them.

49. Plaintiff never owed any debt to GLS and never authorized any payments.

50. GLS knew or should have known that the Plaintiff had never opened an account with GLS but nevertheless kept the funds and misrepresented the authenticity of the account to the Bank.

51. Upon information and belief, this is a common, purposeful practice of GLS justifying the imposition of significant punitive damages.

52. By reason of the foregoing, the defendant GLS is liable to Plaintiff for the unauthorized withdrawal of $9,470.04, plus punitive damages of at least $250,000, interest, attorneys' fees and costs.

## COUNT V

### As against DEFENDANT GLOBAL LENDING LLC d/b/a GLS for Fraud/Fraudulent Misrepresentation

53. Plaintiff repeats and realleges the allegation in the foregoing paragraphs as if fully set forth fully herein,

54. GLS made fraudulent misrepresentations by creating an account representing that Plaintiff was a debtor when Plaintiff had no such relationship; representing to the ACH network that it was authorized to withdraw funds from Plaintiff's account; and treating Plaintiff as having debt obligations that did not exist.

55. These misrepresentations were made with knowledge of their falsity and resulted in Plaintiff's financial harm.

56. By reason of the foregoing, the defendant GLS is liable to Plaintiff for the unauthorized withdrawal of $9,470.04, plus at least $250,000 punitive damages, interest, attorneys' fees and costs.

## COUNT VI

### As against DEFENDANT GLOBAL LENDING LLC d/b/a GLS for Unjust Enrichment

57. Plaintiff repeats and realleges the allegation in the foregoing paragraphs as if fully set forth fully herein.

58. GLS was unjustly enriched by receiving payments from Plaintiff's account when no debt existed, and no legitimate contractual relationship had been established.

59. GLS received Plaintiff's funds, retained them as payment on a purported debt, and had no legitimate basis to retain the payments, making the retention of such funds by GLS inequitable.

60. Plaintiff is therefore entitled to restitution of all amounts received by GLS plus interest, costs and fees.

61. By reason of the foregoing, the defendant GLS is liable to Plaintiff for the unauthorized withdrawal of $9,470.04, interest, attorneys' fees and costs.

## COUNT VII

### As against DEFENDANT GLOBAL LENDING LLC d/b/a GLS for Negligence

62. Plaintiff repeats and realleges the allegation in the foregoing paragraphs as if fully set forth fully herein.

63. GLS owed a duty of reasonable care in its account opening and payment acceptance procedures.

64. This duty includes verifying customer identity and authorization before opening accounts and accepting payments.

65. GLS breached this duty by opening a debt account in Plaintiff's name without proper identity verification; failing to confirm Plaintiff actually applied for or authorized the account; accepting ACH payments without verifying the authorization for such withdrawals; and maintaining an account and accepting payments without establishing a legitimate debtor-creditor relationship.

66. This negligence directly caused Plaintiff's financial harm.

67. GLS's failure to investigate the account upon the Bank's inquiry indicates a pattern of such action against consumers justifying the imposition of punitive damages.

68. By reason of the foregoing, the defendant GLS is liable to Plaintiff for $9,470.04, plus at least $250,000 in punitive damages, interest, attorneys' fees and costs.

## COUNT VIII

### As against DEFENDANT GLOBAL LENDING LLC d/b/a GLS
### for Invasion of Privacy

69. Plaintiff repeats and realleges the allegation in the foregoing paragraphs as if fully set forth fully herein.

70. GLS appropriated Plaintiff's identity by using Plaintiff's name to open a debt account without permission; using Plaintiff's personal information for GLS's commercial purpose.

71. GLS benefitted from the unauthorized use of Plaintiff's identity through the receipt of payments.

72. This unauthorized use of Plaintiff's identity for GLS's commercial benefit constitutes actionable appropriation.

73. By reason of the foregoing, the defendant GLS is liable to Plaintiff for $9,470.04, plus at least $250,000 in punitive damages, interest, attorneys' fees and costs.

**WHEREFORE**, PLAINTIFF requests judgment as follows:

A. On Count One through three against the Bank awarding damages in favor of Plaintiff in an amount to be determined at trial but not less than $28,410.12 plus statutory damages of $1,000, interest, attorneys' fees and costs;

B. On Count four through seven against GLS awarding damages in favor of Plaintiff in an amount to be determined at trial but not less than $9,470.04 plus punitive damages of $250,000, interest, attorneys' fees and costs; and,

C. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 18, 2026
New York, New York

          Respectfully submitted,
          JOHN G. KISSANE

          /s/ John G. Kissane
          Pro Se
          c/o
          Watson Farley & Williams LLP
          120 West 45th Street 20th Floor
          New York, NY 10036
          jkissane@wfw.com
          (212) 922-2219